# 05 CV 9632

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------X

JEREMY CARTER

                        Plaintiff,

        -against-

THE CITY OF NEW YORK; POLICE DEPARTMENT CITY
OF NEW YORK; RAYMOND W. KELLY, as the Police
Commissioner; GEORGE A. GRASSO, First Deputy Commissioner;
RAFAEL PINIERO, Chief, Personnel Bureau; ARNOLD S.
WECHSLER, Director, Employee Management Division; KEVIN
KEENEY, Sergeant, Employee Management Division; STEPHEN
CIRABISI, Captain, 43rd Precinct; MARLENE BEAMON,
Lieutenant, 43rd Precinct; DOWNING, Lieutenant, 43rd Precinct;
and NEISS, Sergeant, 43rd Precinct, each being sued individually
and in their official capacities as employees of the NYPD.

                        Defendants.

------------------------------------------------------------------------------------X

COMPLAINT AND
JURY DEMAND



RECEIVED
NOV 1 5 2005
U.S.D.C. S.D. N.Y.
CASHIERS

        The plaintiff JEREMY CARTER, by his attorneys, Jeffrey L. Goldberg, P.C., as and for his complaint against defendants THE CITY OF NEW YORK; POLICE DEPARTMENT CITY OF NEW YORK; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, respectfully set forth and allege that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the plaintiff JEREMY CARTER, (hereinafter referred to as "plaintiff") who was, and who is prospectively deprived of his constitutional and statutory rights as a result of the defendant's policies and practices of differentiating between race, color, and national origin in the conditions of his employment. Said

policy was implemented under color of law.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a)     Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin;

(b)     the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law;

(c)     the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

(d)     the Civil Rights Act of 1871, 42 U.S.C. § 1985(3), providing for protection from conspiracies to interfere with a person's civil rights;

3.     The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Southern District of New York.

4.     The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code § 8-502; Intentional Infliction of Emotional Distress; and Intentional Inference with an Employment Contract, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5.     Plaintiff is a male citizen of the United States of America and is over twenty-one

(21) years of age, a resident of Bronx County and the State of New York and is a former employee of the defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS

6.    Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York including the Bronx Court Section, plaintiff's last assignment.

7.    Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 2000e (a) and (b), as amended in 1972, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.    RAYMOND W. KELLY, as the Police Commissioner; GEORGE A. GRASSO, First Deputy Commissioner; RAFAEL PINIERO, Chief, Personnel Bureau; ARNOLD S. WECHSLER, Director, Employee Management Division; KEVIN KEENEY, Sergeant, Employee Management Division; STEPHEN CIRABISI, Captain, 43rd Precinct; MARLENE BEAMON, Lieutenant, 43rd Precinct; DOWNING, Lieutenant, 43rd Precinct; and NEISS, Sergeant, 43rd Precinct, each being sued individually and in their official capacities as employees of the Police Department City of New York.

## PROCEDURAL REQUIREMENTS

9.    Plaintiff has filed suit with this Court within the applicable statute of limitations period.

10.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

11.     On or about June 11, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

12.     On or about August 18, 2005, plaintiff received a Dismissal and Notice of Right to Sue from the EEOC.

## BACKGROUND

13.     On or about October 14, 2003, plaintiff's ex-girlfriend Ms. Jennifer Torres was pulled over by police officers assigned to plaintiff's former command the 43rd Precinct. According to Ms. Torres, she was accused of making a u-turn in front of another motorist. They both exchanged words and she drove off. Several minutes later, Ms. Torres was pulled over by police officers from the 43rd Precinct and told that a male called 911 to complain that she robbed, pistol-whipped and carjacked him. Ms. Torres called plaintiff while he was off-duty and plaintiff drove to the scene and spoke to Sergeant Milligan. After a brief inquiry, plaintiff left the scene without incident. The police gave MS. Torres seven (7) criminal court summonses including acting as an unlicensed hack for hire. Upon information and belief, this harmless inquiry about the police stopping Ms. Torres is what precipitated plaintiff's eventual termination as a police officer.

14.     On or about October 23, 2003, while on a solo foot post, defendant NEISS pulled up to plaintiff and said "You are a thorn in my side." When plaintiff tried to explain what occurred a few days earlier between Ms. Torres and Sergeant Milligan, defendant NEISS told plaintiff to shut up and ordered him to write forty (40) summonses and to have two (2) arrests by

the end of the month.  Later that night, Sergeant Miller approached plaintiff on his foot post about the incident between Ms. Torres and Sergeant Milligan, he offered to discuss the matter with defendant MARLENE BEAMON.  Upon information and belief, defendant NEISS has a history of engaging in biased and/or discriminatory behavior towards minority citizens and police officers of defendant NYPD.  Further, non-minority police officers are not held to the same or similar strict ticket and arrest quota standards as minority police officers, nor are non-minority police officers spoken to in such a hostile manner.

15.   On or about October 26, 2003, while on a solo foot post, the patrol supervisor Sergeant Jay Santana pulled up to plaintiff's post to give him a personal break and to get out the rain for a short period of time.  Defendant NEISS pulled up behind us and signed plaintiff's memo book that he was off-post and in an unauthorized vehicle. Upon information and belief, defendant NEISS does not treat non-minority police officers in such a manner.  Nor would defendant NEISS treat another non-minority supervisor with such a lack of respect.  Plaintiff alleges that defendant NEISS's behavior is part of a pattern and practice of discriminatory behavior towards minority police officers employed with defendant NYPD.

16.   On or about October 29, 2003, plaintiff was assigned to attend Disorder Control Training on Ward's Island when he was re-assigned to Brooklyn because two (2) police officers were shot.  While in the presence of former Police Officer William Carmody, 43rd Precinct (Now terminated, and suing defendant NYPD, SDNY Docket No.: 05 CV 8084), and Police Officer Manuel Gomez (Now terminated, and suing defendant NYPD in the SDNY) and another unnamed officer in the van, defendant NEISS shouted out loudly "That guy Carter, I hate him, he is a perp.  But, he gives one hell of a foot chase."  Upon information and belief, defendant NEISS would not have treated a non-minority police officer in such a manner.  Plaintiff allege

that defendant NEISS's use of the term "perp" to describe plaintiff who was a Caribbean-American police officer, was analogous to calling plaintiff a "nigger in uniform," patently hostile and offensive and such terms are never used to describe non-minority police officers.

17.     In or around January 2004, plaintiff received his Annual Employee Performance Evaluation.  Upon review, plaintiff noticed that he was rated at performing Below Standards. Plaintiff's previous performance evaluations were never Below Standards.  As plaintiff started to read the comments, the plaintiff asked defendant NEISS Sergeant Neiss about the negative comments he wrote on his performance evaluation and he said "Your girlfriend from Boynton (Ms. Torres) is dirty.  Just sign the evaluation and get the fuck out of my face."  Interestingly, defendant NEISS filed said negative performance evaluation recommending that the plaintiff be placed into the Performance Monitoring Program.  The performance evaluation was endorsed by both defendants NEISS and DOWNING.  Meanwhile, defendant DOWNING filed another negative performance evaluation, the same day, recommending that the plaintiff stay in his present assignment.  The performance evaluation was signed by defendants DOWNING and STEPHEN CIRABISI.  Prior to and after this Annual Employee Performance Evaluation period, the plaintiff has never received such a negative evaluation.  Upon information and belief, these defendants conspired to have plaintiff placed into the super secret and subjective Performance Monitoring Program, so that it would be easier to terminate him.  Moreover, upon information and belief, non-minority police officers are not treated in such a manner, nor are non-minority police officers placed into the Performance Monitoring Program at the same or similar rate.

18.     On or about January 14, 2004, plaintiff was notified by Deputy Inspector Donna Jones of the Performance Analysis Section that he was being placed on Level One (1) Probationary Entry Level Monitoring.  However, plaintiff was never actually notified as to what

lack of performance caused defendant NYPD to place him into this program.  Upon information and belief, plaintiff believes that he was placed into this program because of the negative comments and Below Standards performance rating by defendant NEISS.  Moreover, upon information and belief, the Performance Monitoring Program is used to illegally and unfairly channel minority police officers into a path to ruining their career growth within defendant NYPD.  Upon information and belief, non-minority police officers with serious disciplinary records and histories are not being sent to or monitored by this program.

19.    On or about July 16, 2004, plaintiff was ordered to attend an Official Department Interview (GO 15 Hearing) regarding the incident involving Ms. Torres and Sergeant Milligan and plaintiff's subsequent use of defendant NYPD's computer system.  The interview was held at the offices of the Internal Affairs Bureau Group 22 and the interviewers were defendant MARLENE BEAMON and Sergeant Acevedo.  Plaintiff was perplexed because these allegations were already fully discussed with defendant MARLENE BEAMON when she was the Integrity Control Officer (ICO) at the 43rd Precinct and at that time, she assured plaintiff that everything was fine.

20.    On or about July 19, 2004, plaintiff was notified by defendant KEVIN KEENEY that he was being placed on Modified Assignment and that defendant NYPD was reviewing his probationary status.  Plaintiff was informed that this action was taken because of his association with Ms. Torres.  According to defendant NYPD, at the time plaintiff was dating her, Ms. Torres had a criminal record, unbeknownst to him.  Once plaintiff was informed by defendant NYPD of this information, he immediately stopped seeing her.  At no time did defendant NYPD accuse the plaintiff of engaging in or assisting with any alleged criminal activities involving Ms. Torres. Plaintiff was also informed that he may submit a rebuttal statement within ten (10) days of this

notice. Upon information and belief, defendant NYPD has a history of discharging minority police officers accused of allegedly associated with persons who have criminal records at a higher rate than white police officers under the same or similar circumstances. Upon information and belief, the Probationary Review Board, discharges minority police officers at a higher rate than non-minority police officers under the same or similar circumstances. Upon information and belief, defendant KEVIN KEENEY has a history of discriminating against minority police officers facing dismissal as probationary officers with defendant NYPD.

21.  On or about July 20, 2004, plaintiff submitted a rebuttal statement to defendant NYPD explaining his contact with Ms. Torres but, plaintiff's statement was summarily dismissed.

22.  On or about March 4, 2005, plaintiff requested a meeting with defendant GEORGE A. GRASSO to discuss his case but, he or a designee never responded.

23.  On or about March 30, 2005, plaintiff was notified by Lieutenant Peter Andrea of the Bronx Court Section, that on the authority of defendant ARNOLD S. WECHSLER, pursuant to New York City Department of Personnel Rules and Regulations 5.2.7, that he was terminated at or about 1600 hours on March 29, 2005.

24.  On or about March 31, 2005, defendant ARNOLD S. WECHSLER sent plaintiff the policy on the Name Clearing Procedure.

25.  On or about April 21, 2005, the NYS Department of Labor sent plaintiff a denial letter denying his claim for unemployment based on defendant NYPD alleging that the plaintiff was terminated for cause. Upon information and belief, defendant NYPD's position that the plaintiff was terminated for cause because he failed to pass probation due him providing false and misleading statements during a GO 15 Hearting and for using Department records for his

own personal gain. Defendant NYPD also alleges that the plaintiff was previously warned for a similar infraction and then placed on probation. Nothing can be further from the truth. Upon information and belief, defendant NYPD has a history of meting out more severe discipline against minority police officers. Upon information and belief, non-minority police officers who have allegedly engaged in the same or similar conduct are not terminated.

26.    Based on the foregoing, plaintiff feels that he was discriminated against by defendant NYPD and/or its agents.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE, COLOR, AND NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.    Plaintiff re-alleges paragraphs 1 through 26 and incorporates them by reference as paragraphs 1 through 28 of Count I of this Complaint.

28.    Plaintiff allege that defendant NYPD through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of the plaintiff's race, color and national origin in violation of 42 U.S.C. § 2000e-2.

29.    As part of its pattern and practice of employment discrimination defendant NYPD, through its agents, RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS treated plaintiff in a manner indicative of race, color and national origin discrimination, with respect to its investigation, analysis, and subsequent cover-up, of the defendant's discriminatory behavior.

30.    The failure of defendant NYPD through its agents RAYMOND W. KELLY;

GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, to thoroughly investigate plaintiff's allegations of race, color and national origin discrimination.

31.     Defendant NYPD knew or should have known about RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS's race, color and national origin discrimination in the workplace because of their prior history of discriminatory conduct against the plaintiff and other similarly situated individuals.

32.     Defendant NYPD failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by race, color and national origin discrimination in a clear demonstration of bad faith.

33.     That as a result of the discriminatory acts of the defendant NYPD through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, plaintiff suffered depression and anxiety and was subsequently terminated.

34.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, directed at plaintiff and continued from in or about October 14, 2003, until plaintiff was terminated.

35.     As a result of the acts of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, under color of law, plaintiff

suffered emotional distress, humiliation and embarrassment, loss of pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## RETALIATION
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36.     Plaintiff re-alleges paragraphs 1 through 35 and incorporates them by reference as paragraphs 1 through 35 of Count II of this Complaint.

37.     Plaintiff allege that defendant NYPD through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS engaged in various retaliatory actions against plaintiff as a result of his opposition to race, color and national origin discrimination, in violation of 42 U.S.C. § 2000e-3(a).

38.     That as a result of the illegal acts of defendant NYPD through its agents, plaintiff suffered depression and anxiety and was subsequently terminated.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.     Plaintiff re-alleges paragraphs 1 through 38 and incorporates them by reference as paragraphs 1 through 38 of Count III of this Complaint.

40.     Plaintiff allege that defendant NYPD through its agents RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, engaged in various severe and hostile actions towards plaintiff as a result of his opposition to race, color and

national origin discrimination.

41.     That as a result of the severe and hostile acts of the defendant NYPD through its

agents, plaintiff suffered depression and anxiety and was subsequently terminated.

## COUNT IV
## RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

42.     Plaintiff re-alleges paragraphs 1 through 40 and incorporates them by reference as

paragraphs 1 through 40 of Count IV of this Complaint.

43.     That by the aforesaid discriminatory acts and omissions of defendants

RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S.

WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING;

and NEISS, acting individually and acting in their capacities as supervisory and/or administrative

officials of defendant NYPD interfered with plaintiff's right to enforce contracts under the color

of State Law.

44.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A.

GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN

CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in so acting was to prevent

plaintiff, through economic and psychological intimidation, from seeking the equal protection of

the laws, and from enjoying the equal privileges and immunities of citizens under the

Constitution and laws of the United States and the State of New York including but not limited

to enjoy his right to freedom of speech, movement, association and assembly, to petition his

government for redress of his grievances, to be secure in his person, to be free from unreasonable

searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due

process of law.

45.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

46.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT V**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

47.     Plaintiff re-alleges paragraphs 1 through 46 and incorporates them by reference as paragraphs 1 through 46 of Count V of this Complaint.

48.     Plaintiff alleges that defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, engaged in various retaliatory actions acting individually and in their capacities as supervisory and/or administrative officials of defendant NYPD as a result of plaintiff's opposition to race, color and national origin discrimination interfering with plaintiff's right to enforce contracts under the color of State Law.

49.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

50.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

51.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

**COUNT VI**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981**

52.     Plaintiff re-alleges paragraphs 1 through 51 and incorporates them by reference as paragraphs 1 through 51 of Count VI of this Complaint.

53.     Plaintiff allege that defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, engaged in various severe and hostile actions towards plaintiff acting individually and in their capacities as supervisory and/or administrative officials of defendant NYPD as a result of plaintiff's opposition to race, color and national origin discrimination interfering with plaintiff's right to enforce contracts under the color of State Law.

54.     That the purpose of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York.

55.     Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in

violation of 42 U.S.C. § 1981.

56.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

### COUNT VII
### RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

57.     Plaintiff re-alleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count VII of this Complaint.

58.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

59.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD, under color of law, and having been fully advised that plaintiff, a Caribbean-American male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of

speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

60.     The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

61.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

62.     Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about October 14, 2003, until plaintiff was terminated.

63.     As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

64.     Plaintiff re-alleges paragraphs 1 through 63 and incorporates them by reference as paragraphs 1 through 63 of Count VIII of this Complaint.

65.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

66.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD, under color of law, and having been fully advised that plaintiff, a Caribbean-American male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

67.     The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

68.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

69.     Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about October 14, 2003, until plaintiff was terminated.

70.     As a result of the acts of the defendants under color of law, plaintiff suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

71.     Plaintiff re-alleges paragraphs 1 through 70 and incorporates them by reference as paragraphs 1 through 70 of Count IX of this Complaint.

72.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, under color of law, conspired with one another to deprive plaintiff of his pension and constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

73.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL

PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, acting individually and in their official capacities as supervisory and/or administrative officers of defendant NYPD, under color of law, and having been fully advised that plaintiff, a Caribbean-American male, was being deprived of his pension and constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

74.     The defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in acting to deprive plaintiff of his civil rights, failed to thoroughly investigate his allegations of discriminatory conduct in the workplace.

75.     Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

76.     Defendants acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at plaintiff and continuing from in or about October 14, 2003, until plaintiff was terminated.

77.     As a result of the acts of the defendants under color of law, plaintiff suffered

emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT X
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3)

78.     Plaintiff re-alleges paragraphs 1 through 77 and incorporates them by reference as paragraphs 1 through 77 of Count X of this Complaint.

79.     That by the aforesaid discriminatory acts and omissions of the defendants, acting individually and acting in their capacities as supervisory and/or administrative officials of the NYPD conspired, planned, agreed and intended to act in manner to thereby cause economic and psychological injury to plaintiff.

80.     That the purpose of the defendants in so acting was to prevent plaintiff from obtaining the benefits to which he was entitled under the law and from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

81.     Pursuant to their conspiracy, defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of discrimination and bad faith, all in violation of 42

U.S.C. § 1985 (3).

82.     As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff

suffered mental anguish, emotional distress, physical illness, and monetary damages.

### COUNT XI
### RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

83.     Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by reference as

paragraphs 1 through 82 of Count XI of this Complaint.

84.     New York State Executive Law § 296 et seq., makes it unlawful to discriminate

against any individual in the terms, conditions, or privileges of employment on the basis of race,

color and national origin.  The same legal standards that apply to Title VII claims apply to claims

brought under this law.

### COUNT XII
### RETALIATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

85.     Plaintiff re-alleges paragraphs 1 through 84 and incorporates them by reference as

paragraphs 1 through 84 of Count XII of this Complaint.

86.     The New York State Executive Law § 296 et seq., makes it unlawful to

discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of race, color and national origin.  The law also makes it unlawful to create an atmosphere

where retaliation is encouraged and/or tolerated.  The same legal standards that apply to Title VII

claims apply to claims brought under this law.

### COUNT XIII
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

87.     Plaintiff re-alleges paragraphs 1 through 86 and incorporates them by reference as paragraphs 1 through 86 of Count XIII of this Complaint.

88.     The New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and national origin.  The law also makes it unlawful to create a severe and hostile environment where retaliation and race, color and national origin discrimination are encouraged and/or tolerated.  The same legal standards that apply to Title VII claims apply to claims brought under this law.

## COUNT XIV
## RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

89.     Plaintiff re-alleges paragraphs 1 through 88 and incorporates them by reference as paragraphs 1 through 88 of Count XIV of this Complaint.

90.     New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and national origin.  The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code § 8-502.

## COUNT XV
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-502

91.     Plaintiff re-alleges paragraphs 1 through 90 and incorporates them by reference as paragraphs 1 through 90 of Count XV of this Complaint.

92.     The New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the

basis of race, color and national origin. The law also makes it unlawful to create an atmosphere where retaliation is encouraged and/or tolerated. The same legal standards that apply to Title VII claims apply to claims brought under this law.

### COUNT XVI
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-502

93.    Plaintiff re-alleges paragraphs 1 through 92 and incorporates them by reference as paragraphs 1 through 92 of Count XVI of this Complaint.

94.    New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color and national origin. The law also makes it unlawful to create a severe and hostile environment where retaliation and race, color and national origin discrimination are encouraged and/or tolerated. The same legal standards that apply to Title VII claims apply to claims brought under this law.

### COUNT XVII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND
### INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT
### UNDER NEW YORK STATE COMMON LAW

95.    Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as paragraphs 1 through 94 of Count XVII of this Compliant.

96.    Defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, intentionally inflicted the aforesaid acts of race, color and national origin discrimination on plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing him emotional distress and

anguish.

97.     As a result of the aforesaid intentional acts of defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, the plaintiff has been irreparably damaged.

98.     That because of the willful and malicious acts of the defendants RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, in gross disregard of the civil rights and well-being of the plaintiff, plaintiff is entitled to punitive and exemplary damages.

## **JURY TRIAL**

99.     Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

**Wherefore,** Plaintiff respectfully requests that this Court find in his favor and against the Defendants as follows:

a.      Declare that the acts and conduct of defendants CITY; NYPD; RAYMOND W. KELLY; GEORGE A. GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN CIRABISI; MARLENE BEAMON; DOWNING; and NEISS, violated Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1985(3); New York Executive Law § 296; New York City Administrative Code § 8-502; the Intentional Infliction of Emotional Distress and Intentional Interference with Employment Contract Under State Common Law;

b.      Award plaintiff damages for the full value of all compensation and benefits lost

past and future, as a result of the defendants NYPD; RAYMOND W. KELLY; GEORGE A.

GRASSO; RAFAEL PINIERO; ARNOLD S. WECHSLER; KEVIN KEENEY; STEPHEN

CIRABISI; MARLENE BEAMON; DOWNING; and NEISS unlawful conduct;

  c.  Award plaintiff compensatory damages consistent with the aforementioned

statues;

  d.  Award plaintiff punitive damages consistent with the aforementioned statutes;

  e.  Award plaintiff appropriate compensatory and punitive damages on his individual

torts;

  f.  Award plaintiff prejudgment interest;

  g.  Award plaintiff reasonable attorneys' fees consistent with the aforementioned

statues; and

  h.  Award plaintiff such other relief as this Court deems proper.

Dated:  Lake Success, N.Y.
    November 11, 2005


         Respectfully submitted,

         By: _____
         Eric Sanders (ES0224)

         Jeffrey L. Goldberg, P.C.
         Attorneys for Plaintiff
         2001 Marcus Avenue, Suite S10
         Lake Success, NY 11042
         516-775-9400